**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ALEJANDRO E. ESTRADA-SANCHEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | NO. CIV-26-0504-HE |
| -vs- | ) | |
| | ) | |
| WARDEN OF CIMARRON DETENTION CENTER, et al.,[1] | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Alejandro Enrique Estrada-Sanchez seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to force review of the legality of his detention by United States Immigration and Customs Enforcement (ICE). According to the habeas petition and record, petitioner is a native and citizen of El Salvador who entered the United States at or near Rio Grande City, Texas on or about May 21, 2019. Petitioner was placed in removal proceedings and was subsequently released on his own recognizance pursuant to section 236 of the Immigration and Nationality Act (INA) [8 U.S.C. § 1226]. Thereafter, petitioner's wife applied for asylum for petitioner and her family. The record indicates the removal proceedings against petitioner were terminated without prejudice by an immigration judge on May 8, 2024 based on the Department of Homeland Security's

---

[1] *In accordance with Fed. R. Civ. P. 25(d), Markwayne Mullin in his official capacity as Secretary of the Department of Homeland Security is substituted as respondent for "Acting Secretary" of the "U.S. Department of Homeland Security." Additionally, Todd Blanche in his official capacity as acting Attorney General of the United States is substituted as respondent for Pam Bondi, sued in her official capacity as Attorney General of the United States.*

failure to establish removability.  The petition and record indicate that over a year later, on November 19, 2025, ICE took petitioner into custody pursuant to an arrest warrant.  The next day, petitioner was again placed in removal proceedings through issuance of a notice to appear and was charged as removable under section 212(a)(6)(A)(i) of the INA [8 U.S.C. § 1182(a)(6)(A)(i)].  On December 31, 2025, petitioner applied separately for asylum. Subsequently, he requested a custody redetermination, which was denied by an immigration judge on March 25, 2026 for lack of jurisdiction.  However, the immigration judge made an alternate finding that, if jurisdiction was determined to exist by a "higher Court", release on a $25,000 bond would be appropriate and the petitioner should seek a redetermination referencing the alternative ruling.  The petition indicates petitioner is currently detained by ICE at Cimarron Detention Center in Cushing, Oklahoma.

In the petition, petitioner claims his detention pursuant to 8 U.S.C. § 1225(b)(1) violates the Fifth Amendment due process clause.  He maintains his detention should be determined under 8 U.S.C. § 1226(a), which allows an individual to be released if he does not present a danger to persons or property and is not a flight risk.  As ordered by the court, the federal respondents have responded to the petition, asserting that petitioner's detention is pursuant to 8 U.S.C. § 1225(b)(2)(A), rather than 8 U.S.C. § 1225(b)(1) or 8 U.S.C. § 1226(a), and such mandatory detention does not violate the INA or the Fifth Amendment due process clause.  In reply, petitioner contends that he is subject to § 1226(a) since he was previously released pursuant to that provision after entry into the United States.

The court concludes the habeas petition should be conditionally granted.  Initially, the court concludes the petition should be deemed amended to allege petitioner's detention

2

under 8 U.S.C. § 1225(b)(2)(A) is in violation of the INA and to request an individualized bond hearing pursuant to 8 U.S.C. § 1226(a).  *See* Rule 1(b), Rules Governing Section 2254 Cases (Rules may be applied to habeas corpus petitions arising under § 2241); Rule 12, Rules Governing Section 2254 Cases (Federal Rules of Civil Procedure may be applied to a habeas corpus proceeding); Fed. R. Civ. P. 15(a)(2) (Party may amend its pleading with court's leave and "court should freely give leave when justice so requires.").

With respect to the merits of the INA claim, respondents acknowledge this court's ruling in Ramirez Rojas v. Noem, No. CIV-25-1236-HE, 2026 WL 94641, **1-2 (W.D. Okla. Jan. 13, 2026), and similar rulings by other judges in this district [Doc. #8, ECF p. 16 n. 9, citing cases], concluding that § 1226(a) rather than § 1225(b)(2)(A) governs a petitioner's detention under circumstances present here.  Nonetheless, respondents rely upon contrary decisions by judges in this district, specifically, Gutierrez Sosa v. Holt, Case No. CIV-25-1257-PRW, 2026 WL 36344, at **3-5 (W.D. Okla. Jan. 6, 2026) and Montoya v. Holt, Case No. CIV-25-1231-JD, 2025 WL 3733302, at **5-12 (W.D. Okla. Dec. 26, 2025), as well as the contrary decisions of the Eighth and Fifth Circuit Courts of Appeals in Avila v. Bondi, No. 25-3248, ___ F.4th ___, 2026 WL 819258, at **3-6 (8th Cir. Mar. 25, 2026) and  Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502-508 (5th Cir. 2026), to urge the court to deny petitioner's § 2241 petition.  Upon review, the court declines to reconsider its prior ruling.  The conflicting decisions of the judges in this district and the 2-1 decisions in Avila and Buenrostro-Mendez make clear that strong arguments support both statutory readings of the parties.  However, the court remains persuaded that § 1226(a) governs and

continues to follow similar rulings by the judges in this district[2] and the Seventh Circuit Court of Appeals in Castanon-Nava v. U.S. Department of Homeland Security, 161 F.4th 1048, 1060-62 (7th Cir. 2025).  And even though petitioner filed an asylum application, the court has previously concluded that § 1225(b)(2)(A) still does not apply.  *See* Li v. Grant, CIV-25-1426-HE, 2026 WL 147438, at *1 (W.D. Okla. Jan. 20, 2026).

Because § 1226(a) governs petitioner's detention, the court concludes that he is entitled to an individualized bond hearing pursuant to that section.  As petitioner has had a bond hearing subsequent to filing the petition, albeit before a judge who thought the proceeding was governed by § 1225(b) rather than § 1226, the court concludes effect should be given to immigration judge's alternative finding.[3] The court will therefore grant the habeas corpus petition, with delayed effect sufficient to allow the redetermination contemplated by the IJ's alternate finding.

Accordingly, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1] is **GRANTED** as follows:  Respondents are **ORDERED** to release the petitioner within **three (3) business days** from the date of this order unless, in the meantime, petitioner is ordered released on bond pursuant to the IJ's alternative finding.  Respondents

---

[2] *See* Lopez v. Corecivic Cimmaron Correctional Facility, *Case No. CIV-25-1175-SLP, 2026 WL 165490, at **3-7 (W.D. Okla. Jan. 21, 2026);* Valdez v. Holt, *Case No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025);* Colin v. Holt, *Case No. CIV-25-1189-D, 2025 WL 3645176, at *2 (W.D. Okla. Dec. 16, 2025),* Escarcega v. Olson, *Case No. CIV-25-1129-J, 2025 WL 3243438, at *1 (W.D. Okla. Nov. 20, 2025).*

[3] *This court is not a "higher Court" in the sense of appellate review of the IJ's determination, but does have the authority to grant a writ of habeas corpus subject to stated conditions.*

4

are further **ORDERED** to certify compliance by filing a status report within **ten (10) business days** of the court's order.

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 16th day of April, 2026.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

5